## OWENS *v.* PENNSYLVANIA R. Co.

*(Circuit Court, E. D. Pennsylvania.* October 16, 1889.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—PRIVATE CROSSINGS.
   It is the duty of those operating a train, when approaching a place where persons engaged in business upon the road are called upon to pass from one side of the track to the other, to give warning of its approach, though such place is not a public crossing, and persons thus passing in the discharge of their duties cannot be regarded merely as trespassers.

2. SAME—DUTY TO LOOK AND LISTEN.
   It is the duty of one about to cross a railroad track to select, if he can safely do so, such a point as will enable him to see along the track, both ways; and the fact that cars are left in such a position as to obstruct the view of the track in one direction does not excuse him from looking in that direction.

At Law.

Plaintiff, a blacksmith, was employed by contractors at a stone-quarry, situate on the easterly side of the main track of a branch railroad, operated by the defendant, running between Rocky Hill, Somerset county, N. J., and Monmouth Junction, Middlesex county, in said state. On the 3d day of November, 1884, plaintiff had occasion to cross defendant's track at a point almost opposite a blacksmith shop, in which he was accustomed to work, distant about 12 feet from the westerly rail of defendant's main track. On the easterly side of defendant's main track were located, on the day of the injury, three side tracks immediately adjoining the main track aforesaid, upon each of which side tracks were standing loaded stone-cars of such height and pattern that a person standing near the same could not see over them. At the point where plaintiff attempted to cross, the cars in question had been uncoupled, so as to leave a free passage for those employed in the quarry to the blacksmith shop; and it was the habit to leave this opening when the cars were shunted onto the sidings preparatory to their being loaded. Before crossing the main track, and when about 50 feet therefrom, plaintiff stopped and listened. Hearing no bell or whistle, and the stone-cars standing on the side tracks obstructing his view in the direction in which the train was moving, he proceeded on his way, and upon reaching the main track was struck by a locomotive, sustaining injuries which resulted thereafter in the removal of a portion of the bone of the left leg, to recover damages for which this action was maintained.

*Ladislas Karge,* for plaintiff.

*Geo. Tucker Bispham,* for defendant.

McKENNAN, J., (*charging jury.*) The plaintiff has requested the court to charge the jury as follows:

"(1) That plaintiff was not a trespasser, and has a right to recover if the injury complained of was caused by defendant's negligence."

That point is affirmed.

"(2) The fact that the accident occurred raises a presumption of defendant's negligence."

That is denied.

"(3) Although there was no statutory obligation on the part of the defendant to ring a bell upon approaching the crossing in question, they might find it negligence to omit this when running its train across such crossing at a time when the view of the train was so far obstructed by the cars which had been permitted to remain upon the side tracks as to render the use of the crossing peculiarly hazardous."

That point is affirmed.

"(4) If the jury find, from the evidence, that plaintiff was duly careful, and was crossing at the point in question rightfully, any injury to him through the defendant's omission of a reasonable precaution will render the defendant liable in damages."

That point also is affirmed.

"(5) It is for the jury to determine what notice is reasonable, under the circumstances of the crossing in question."

That also is affirmed.

"(6) If the jury find that the cars were left in such a position near the crossing as to obstruct the view of the track in the direction in which the train was moving, on the day the injury occurred, the plaintiff was excused from looking in that direction."

That point is denied.

"(7) Plaintiff had the right to presume that the defendant, at the crossing in question, would use more care than ordinarily."

That point also is denied.

"(8) When, for any reason, there is difficulty in seeing an approaching train, this is a circumstance which demands of the engineer the exercise of increased vigilance."

That also is denied.

"(9) If the whistle of the engine was not sounded, nor any other usual notice given of the approach of the train, the plaintiff had a right to presume that the track was clear; and unless the jury are satisfied, by affirmative proof, that the plaintiff did not use ordinary care, the defendant is liable for the consequences of plaintiff's injuries."

That point is affirmed.

"(10) By ordinary care is meant that care a person of common prudence takes of his own concerns, or that degree of care which men of common prudence exercise about their own affairs. In determining what would be ordinary care in a particular case, reference must be had to the circumstances surrounding such case or occurrence."

That point is affirmed.

"(11) In estimating the damages for a personal injury resulting from the negligence of the defendant, the jury may allow, not only for the direct expenses incurred by the plaintiff, but also for the privation and inconvenience he has been subjected to; for the pain and suffering, bodily and mental, which he has already endured, or is likely to experience; as well as the pecuniary loss he has already sustained, and is likely to sustain during the remainder of his life, from his disabled condition, and his actual permanent loss of earning power."

That point is affirmed.

"(12) If the plaintiff is entitled to recover, the measure of his recovery is what is denominated 'compensatory damages;' that is, such sum as will com-

pensate him for the injury he has sustained. The elements entering into damage are the following: *First,* such sum as will compensate him for the expenses he has paid or incurred in effecting his cure, and caring for and nursing him during the period that he was disabled by the injury; *second,* the value of his time during the period that he was disabled by the injury; *third,* if the injury has impaired the plaintiff's power to earn money in the future, such sum as will compensate him for such loss of power; *fourth,* such reasonable sum as the jury shall award him on account of pain and anguish he has suffered by reason of his injury."

That point is affirmed.

"(13) If the jury find that the defendant had, without objection, permitted those employed at his quarry and the public to cross the track at the point where the injury occurred, though not in itself a public crossing, it owed the duty of reasonable care towards those using the crossing."

That point is affirmed.

"(14) If the jury find that plaintiff was passing the crossing in question upon an express or implied invitation or inducement of defendant, or by its mere permission, he was rightfully there."

That point is affirmed.

The defendant has asked me to charge you as follows:

"(1) It is the duty of a person about to cross the tracks of a railway to stop, look, and listen, before attempting to do so, at a point where, without danger to himself, he can have the best view of the track; and, if the jury believe that the plaintiff did not so stop and listen, he was guilty of a contributory negligence, and cannot recover in this action."

That point is affirmed.

"(2) If the jury believe that the plaintiff could have seen the approaching engine if he had looked, and yet did not do so, or if he did look, and yet did not see the engine, when it was plainly visible, then, in either of such cases, he was guilty of contributory negligence, and the verdict must be for the defendant."

That point is affirmed.

"(3) The plaintiff, by going on the tracks of the defendant at the point where he was struck, became a trespasser, and was guilty of contributory negligence in so doing, and, in the absence of evidence of any willful or malicious act upon the part of the defendant or its servants causing his injury, cannot recover in this case, and the verdict must be for the defendant."

That point is denied.

"(4) There is no evidence of negligence on the part of the defendant or its servants, and therefore the verdict must be for the defendant."

I refuse to give you that instruction.

"(5) Under all the evidence in the case, the verdict of the jury must be for the defendant."

That point also is refused.

The plaintiff is entitled to recover, if he is entitled to recover at all, upon the basis of the proved negligence of the defendant; that is to say, that the defendant omitted to perform some duty or do something which he ought to have done, or that he did something which he ought not to have done, and that the injury complained of here was the result of such

failure to perform a duty. It is not alleged, and it does not appear, that the defendant was culpable in any way as to the speed at which this train was moving at the time the accident happened. The speed was moderate; indeed, slow. The train was approaching a place where it was intending to stop. The engine was reversed, and the speed of the train was constantly diminishing. There is therefore nothing in the movement of the train in that respect in which it can be alleged that the defendant was in any way culpable.

As I understand the position and evidence of the plaintiff, the defendant is alleged to have been culpable in not giving the usual signal of warning, which ought to have been given at a place where any person crossing the road might be exposed to danger. The place at which this injury happened when the plaintiff was attempting to cross the track was not a public crossing; but it was a place, as has been shown, where a number of persons engaged in business upon that road might be called upon to pass from one side of the road to the other. Persons thus passing in the discharge of their business cannot be regarded merely as trespassers. The defendant's engine was coming up to this point, and with a proper degree of speed, carefully and slowly. The question for you to pass upon is, was a reasonable warning given of the approach of the train at that point? The plaintiff and two other witnesses testify that they did not hear any signal given of the approach of the train. The engineer of the train, however, testifies positively that he gave four blasts of the whistle, which is the usual sign given on approaching places of this kind; and the fireman testifies that he rang his bell at a sufficient distance from this point for all persons at it to hear the whistle and the bell signal. If that was done, and if it satisfactorily appears to you, the complaint made by the plaintiff that the usual warning was not given would seem to be unfounded. I think it was proper and reasonable to require that persons having charge of railroad trains, in coming to a place of that kind, where, as I have said, a number of persons are engaged in business, and have occasion to pass backward and forward, should give some warning. It is for you to say whether that reasonable warning was given. If you believe the testimony of the engineer and of the fireman, it was; and that, perhaps, is entitled to greater weight, if the witnesses are credible, than the testimony of those who did not hear the whistle blown, or the bell rung. It is not at all unreasonable to presume that there might be some difficulty, at this point, in hearing these signals; because, as the witnesses all testified, there was an unusual degree of noise at that point. A stone-crusher was in operation there, which was going at the time, and it caused a great deal of noise, which might have interfered with the hearing of a signal which the engineer and fireman swear was given at that time. If, then, you are satisfied, under all the circumstances and the weight of the evidence, that the signal which is usually given at such places, and which it is reasonable to require persons in charge of trains to give, was given, and that it was not the fault of the persons on the engine that that signal was not heard; if it was given at a sufficient point below or away from the

crossing to be heard, and was given in the usual way,—they would seem to have performed the duty required of them by law, and culpability could not be imputed to them.

Then, again, gentlemen, as to the only other point in the case, did the plaintiff do what he was required to do in crossing the railroad track at this point? I have instructed you, in answer to the defendants' points, that he had a duty to perform, as well as the persons in charge of the railroad. If he acted incautiously, imprudently, and if that conduced to the injury which he suffered, whatever the degree of culpability imputable to him may be the railroad company is not responsible, and the plaintiff cannot recover. If he contributed by his incautiousness—his want of care—in crossing the railroad at this point, although the defendant or the persons in charge of this train may have failed in the discharge of any duty which the law required of them, the defendant is not liable. It seems that there were three or four tracks here, that there were cars upon the tracks, and that the plaintiff was approaching the main track crossing. It was his duty to do what a careful, prudent man would be expected to do,—to stop and look along the track to see whether he would be exposed to any danger by attempting to cross it; and, if he failed to do that, he was culpable; and, if his negligence contributed to the injury which he received, he would not be entitled to recover here. Did he stop, and did he use his senses, in order to discover whether a train was approaching, and whether it would be dangerous for him to cross the track at that time? According to his own testimony, and according to all the testimony, he did not stop when he got to the track. It was alleged that the distance between the siding which was next to the main track and the track was so narrow that he could not do so; that it would not have been safe for him to do so. Was this reason well founded? You have the testimony of the conductor of the train that a short distance from this point he got off the train on the side of the main track on which the plaintiff was approaching it, and that there was room enough for him to jump off and pass along with perfect safety.

It was the duty of the plaintiff to select such a point as would enable him to see along the track both ways, and especially in the direction in which this train was approaching. If he could not see it, it was his business to stop, or to select some other place at which he could make this observation, and determine whether it would be proper for him to cross. He did not stop when he came to the track; he did not look in the direction in which the train was approaching; and he would therefore seem to have failed in the duty which the law required of him for his own protection. As I said before, he seeks to excuse himself from the performance of that duty by alleging that it was not safe for him to stop between the main track and the siding next to it, to enable him to ascertain whether there was anything on the main track or not. If he could not do so,—if it was not safe for him to do so,—of course he would be excused from making an observation at that point. But I do not say that he had any right recklessly to pass over that track without making any other observation, or without seeking some other point at which he

would be able to see whether it was safe for him to cross the track or not. He wanted to get across, and I think he had a right to go across, and perform his business, at that point; but he must exercise this right so as to avoid, if possible, subjecting himself to any risk of injury by doing so; and, as I have already said, if he could not make the observation which he ought to have made to insure his own safety, he ought to have sought to cross at some other place, or approach the track at some other place, where he could make the observation which the law requires him to make, in order to avoid injury to himself by the passage of a train upon the main track of the railroad.

There are only two points in this case to which you need direct your attention: *First.* Did the defendants here, the persons in charge of this engine, do anything, or omit to do anything, which the law required them to do, to avoid injuring persons who might be crossing the track before them? Did they give the usual warning to persons who might intend to cross the track at this point, so that they would be aware of the approach of this train? If they did, they did all that they law required them to do, and they cannot be charged with culpability in not doing something else. If the plaintiff did not hear this warning, that is his misfortune, and it does not constitute any fault on the part of the defendants. They did all that the law required them to do, and would not, therefore, be blamable for any injury suffered by the plaintiff. Even if they did not do this, and the plaintiff was incautious and imprudent, and failed to exercise the proper degree of care in crossing the track at this place, and his negligence contributed to the injury, the defendant is entitled to your verdict. I repeat that the law imposes upon the plaintiff the duty of making such observation, before he undertakes to cross this track, as a prudent man would make to avoid the risk of crossing, if there was anything upon the track which would subject him to injury. The plaintiff did not stop when he came to the track. He alleges that he stopped at some place else, some distance from it, but he did not stop when he came to the track, and look in the direction in which this train was coming, to determine whether it was attended with any risk to cross the track at that point or not. So that if he failed in exercising that which the law requires him to exercise in crossing the railroad at a dangerous point,—and it is always dangerous to cross a railroad upon which trains are running,—if he failed in this duty, he contributed by his negligence to the injury which he received, and he is not entitled to your verdict.

I have read to you the request presented by the plaintiff here as to the measure of damages. You will ascertain the damages upon that basis, if you determine that the plaintiff should recover, and you will remember the evidence upon that point.

In determining your verdict, you will recollect that the primary and essential question and point is, in the first place, to determine whether the defendants, the persons in charge of this engine, did what the law required them to do as to warning persons who might attempt to cross the road at this point or not. If they did blow the whistle on this en-

gine, and ring the bell, at a point where it might have been heard a reasonable distance from the place of crossing, then they did all that the law required, and they would not be liable for any injury suffered by the plaintiff in attempting to cross that track. That is the primary point. If you find that the defendant the engineer did what the law required of him in this respect, he is not chargeable, and the persons having control of the train are not chargeable, with any negligence of duty; and, whatever injury may have been suffered by the plaintiff, the defendant would not be liable. Again, even if they did not do what the law required of them in this respect, if the plaintiff by his incautiousness, and his failure to make such observation as he ought to have made when he was about to cross this track, contributed to the injury, he cannot recover, and your verdict would then be for the defendant.

I think that is all that is necessary for me to say to you to aid you in determining this case. You will take it into consideration, and will find such a verdict as you think is warranted by the evidence. You are to be governed by that alone. Whether the plaintiff is a poor man or a rich man, or whether the defendant is a corporation or not, is not a matter of consideration in any way. You are to consider the evidence, and to determine from it whether, in point of law, the defendant did what it was required to do, and whether the plaintiff by his own conduct contributed to this accident or not. If you find that the defendant did not fail in the performance of his legal duty, he is not liable; and if you find that the plaintiff failed to do what he ought to have done out of regard for his own safety, and that failure conduced to the injury, then the defendant would be entitled to your verdict. You will consider the whole question, and render such a verdict as you deem warranted by the evidence.

Counsel for plaintiff excepts to refusal of the court to affirm plaintiff's second, sixth, seventh, and eighth points. Counsel for defendant except to answers to first, third, fourth, eleventh, thirteenth, and fourteenth points of plaintiff, and also to answer to third, fourth, and fifth points of defendant; also to the charge of the learned judge, which stated that this was not a public crossing, but it was a place where people engaged in business used to cross to and fro, and therefore the plaintiff cannot be regarded as a trespasser.